**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
225 BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101-5028
TELEPHONE: 619-525-2553
FACSIMILE: 619-231-1234

Whit Bivens (State Bar No. 190727)
  w.bivens@mpglaw.com
Catherine M. Lee (State Bar No. 197197)
  c.lee@mpglaw.com

Attorneys for DEFENDANT CLOVER SITES, INC., a California corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CLOVER SITES, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLOVER NETWORK, INC., a Delaware corporation,<br><br>　　　　Defendant. | CASE No. CV 11 3600<br><br>**COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) VIOLATION OF LANHAM ACT SECTION 43(a); (3) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; (4) COMMON LAW UNFAIR COMPETITION; and (5) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Clover Sites, Inc. ("Clover Sites"), by and through its attorneys, and for its Complaint against Defendant Clover Network, Inc. ("Clover Network"), alleges as follows:

## THE PARTIES

1. Plaintiff Clover Sites is a California corporation having its principal place of business at 905 Rancho Conejo Blvd., 2nd Floor, Newbury Park, CA 91320.

2. Upon information and belief, Defendant Clover Network, is a Delaware corporation having a principal place of business at 785 Castro Street, Suite A, Mountain View, California, 94041.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, 15 U.S.C. § 1121 and the principles of pendant jurisdiction.

4. This Court has personal jurisdiction over Defendant Clover Network because, *inter alia*, on information and belief, Defendant's principal place of business is located within this judicial district.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant Clover Network is subject to personal jurisdiction in this judicial district and because a substantial part of the events and activities giving rise to Plaintiff Clover Sites' claims occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil L.R. 3-2(c), this case is to be assigned on a district-wide basis because it is an intellectual property action.

## FACTUAL BACKGROUND

### Clover Sites' Business and Trademark

7. Plaintiff Clover Sites began using the mark "Clover" in association with customized website design, creation and hosting services and application service provider services at least as early as May 15, 2008. Clover Sites has used the "Clover" mark in commerce continuously since that date.

8. Clover Sites obtained United States Trademark Registration No. 3,685,609 (the "Clover Registration") for the mark "Clover" applied to the services listed above on September 22, 2009.

9. The Clover Registration has been valid and subsisting at all relevant times. A true and correct copy of the Clover Registration is attached as Exhibit 1 and is incorporated herein in full.

10.     For more than three years, Clover Sites has expended substantial money, time and energy promoting its business in association with the "Clover" mark. Clover Sites has achieved substantial success with approximately 6,000 clients throughout the United States and the world.

11.     Clover Sites offers its clients the ability to easily create and maintain a professional and sophisticated website. Briefly, Clover Sites offers a number of different "template" websites that clients may use as a starting point and provides clients with easy to use tools to customize and personalize the website. Clients may redesign the layout of web pages, add new web pages, display text written by the client and upload and display client photos and videos. Such capabilities are available for as long as Clover Sites hosts the website making it easy for clients to update their websites with new content and adapt their websites to reflect current events or special offers made by the client to the public. In short, Clover Sites makes it easy for its clients to communicate with the public through the internet.

12.     Clover Sites is an internet-based business. Clients design, purchase and update their websites by interacting through the internet with software hosted on Clover Sites' servers. No portion of the website or related software resides permanently on a client's computer.

### Clover Network's Infringement

13.     Clover Sites is informed and believes that Defendant is using the "Clover" mark in association with an internet-based communication and shopping network. A true and correct copy of Defendant's "landing page" is attached hereto as Exhibit 2 and is incorporated herein in full.

14.     Clover Sites is informed and believes that Defendant's service offers members of the public who subscribe to Defendant's service the ability to upload content to one or more websites operated by Defendant. On information and belief, such content may be viewed by other subscribers to Defendant's service. On information and belief, such content may include text, photos and video. Thus, on information and belief, Defendant makes it easy for members of the public to communicate with each other through the internet.

15.     Clover Sites is informed and believes that Defendant's service also offers merchants the ability to communicate and sell special offers to the public through a system of vouchers. On information and belief, for example, such a voucher might offer $30 worth of goods

1  or services but may be purchased for $10.  On information and belief, the merchants control the
2  terms and conditions applicable to such vouchers.  Thus, on information and belief, Defendant
3  makes it easy for merchants to communicate special offers to the public through the internet.
4      16.     Clover Sites is informed and believes that Defendant offers the foregoing services
5  in association with the mark "Clover."
6      17.     Clover Sites first learned of Defendant's use of the "Clover" mark in or about June
7  of this year.
8      18.     On June 29, 2011, counsel for Clover Sites sent Defendant a letter informing
9  Defendant of Clover Sites' trademark rights and requesting that Defendant cease its infringing use
10 of the "Clover" mark and confirm the same on or before July 15, 2011.  To date, Clover Sites has
11 received no substantive response from Defendant.
12     19.     Defendant continues to use the "Clover" mark in association with offering its
13 services.

### FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

16     20.     Clover Sites incorporates each of the above paragraphs as if fully set forth herein.
17     21.     This claim for relief is an action for federal trademark infringement pursuant to the
18 Federal Trademark Act, 15 U.S.C. § 1114 *et seq.*
19     22.     As alleged herein, Clover Sites has a valid and subsisting federal trademark
20 registration for "Clover" and has marketed, advertised and sold internet-based services to the
21 public using the "Clover" mark since at least as early as May 15, 2008.
22     23.     As alleged herein, Clover Sites is informed and believes and on that basis alleges
23 that the Defendant has marketed, advertised and sold, and continues to market, advertise and sell
24 internet-based services to the public using the "Clover" mark.
25     24.     Defendant's marketing, advertising and sale of internet-based services in
26 commerce, using the "Clover" mark is likely to cause confusion in the minds of consumers to the
27 detriment of Clover Sites.
28

25. Defendant's use of the "Clover" mark as alleged herein, and marketing, advertising and sale of internet-based services using the "Clover" mark was done without the knowledge, consent or permission of Clover Sites and continues without consent or permission.

26. Defendant has violated the trademark rights of Clover Sites under the Federal Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. § 1114.

27. Clover Sites will be irreparably harmed unless Defendant is immediately and permanently enjoined from any further use of the "Clover" mark and any further marketing, advertising or sale of internet-based services using the "Clover" mark.

28. Clover Sites has no adequate remedy at law and serious damage to its trademark rights will result unless Defendant's wrongful use of the "Clover" mark is enjoined by the Court.

29. Defendant has continued to use the "Clover" mark notwithstanding that it has constructive and, on information and belief, actual knowledge of Clover Sites' superior trademark rights as alleged herein. Defendant's infringement of Clover Sites' trademark rights constitutes intentional, willful, knowing and deliberate trademark infringement.

30. Defendant's infringement has caused Clover Sites to suffer damages in an amount unknown at this time and has caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Clover Sites is entitled to an award of monetary damages in an amount equal to the losses suffered by Clover Sites and the revenues and/or profits gained by Defendant. Such damages should be augmented as provided by 15 U.S.C. § 1117(a).

31. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Clover Sites should be trebled.

32. Pursuant to 15 U.S.C. § 1117(a), Clover Sites is entitled to an award of attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

(Violation of Lanham Act Section 43(a))

33. Clover Sites incorporates each of the above paragraphs as if fully set forth herein.

34. This claim for relief is for violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

35.     The actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of Lanham Act Section 43(a).

36.     Clover Sites will be irreparably harmed unless Defendant is enjoined from any further use of the "Clover" mark, from any further marketing, advertising and sale of internet-based services under the "Clover" mark and from any further acts of unfair competition and false advertising relating to the "Clover" mark.

37.     Clover Sites has no adequate remedy at law and serious damage to its trademark rights will result unless Defendant's wrongful use of the "Clover" mark is enjoined by the Court.

38.     Defendant has continued to use the "Clover" mark notwithstanding that it has constructive and, on information and belief, actual knowledge of Clover Sites' superior trademark rights as alleged herein.  Defendant's infringement of Clover Sites' trademark rights constitutes intentional, willful, knowing and deliberate trademark infringement.

39.     Defendant's infringement has caused Clover Sites to suffer damages in an amount unknown at this time and has caused Defendant to gain revenues and profit in an amount unknown at this time.  Pursuant to 15 U.S.C. § 1117(a), Clover Sites is entitled to an award of monetary damages in an amount equal to the losses suffered by Clover Sites and the revenues and/or profits gained by Defendant.  Such damages should be augmented as provided by 15 U.S.C. § 1117(a).

40.     Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Clover Sites should be trebled.

41.     Pursuant to 15 U.S.C. § 1117(a), Clover Sites is entitled to an award of attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF

(Violation of California B&P Code Section 17200 *et seq.*)

42.     Clover Sites incorporates each of the above paragraphs as if fully set forth herein.

43.     This claim for relief is for unfair competition and false advertising in violation of California Business and Professions Code Section 17200 *et seq.*

44.     The actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of California Business and Professions Code Section 17200 *et seq.*

45. Clover Sites will be irreparably harmed unless Defendant is enjoined from any further use of the "Clover" mark, from any further marketing, advertising and sale of internet-based services under the "Clover" mark and from any further acts of unfair competition and false advertising relating to the "Clover" mark.

46. Clover Sites has no adequate remedy at law and serious damage to its rights will result unless Defendant's wrongful use of the "Clover" mark is enjoined by the Court.

47. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising.

48. The Defendant's acts of unfair competition and false advertising have caused the Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to California Business & Professions Code Section 17203, Clover Sites is entitled to a disgorgement in an amount equal to the revenues and/or profits gained by Defendant.

### FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

49. Clover Sites incorporates each of the above paragraphs as if fully set forth herein.

50. This claim for relief is for common law trademark infringement.

51. The actions of Defendant as alleged herein constitute common law trademark infringement.

52. Clover Sites will be irreparably harmed unless Defendant is enjoined from any further use of the "Clover" mark, from any further marketing, distribution and sale of internet-based services under the "Clover" mark, and from any further acts of trademark infringement relating to the "Clover" mark.

53. Clover Sites has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful use of the "Clover" mark is enjoined by the Court.

54. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate trademark infringement.

55. As a direct and proximate result of the acts of trademark infringement alleged herein, Clover Sites has suffered, and will continue to suffer, damages in an amount unknown at

1 this time. Likewise, as a direct and proximate result of the acts of trademark infringement as alleged herein, Defendant wrongfully has gained revenues and profit in an amount unknown at this time.

56. Defendant committed the acts of trademark infringement alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Clover Sites, and in conscious disregard of the rights of Clover Sites. Clover Sites accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make it an example to others.

### FIFTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

57. Clover Sites incorporates each of the above paragraphs as if fully set forth herein.

58. This claim for relief is for common law unfair competition.

59. The actions of Defendant as alleged herein constitute common law unfair competition.

60. Clover Sites will be irreparably harmed unless Defendant is enjoined from any further use of the "Clover" mark, from any further marketing, distribution and sale of internet-based services under the "Clover" mark, and from any further acts of unfair competition relating to the "Clover" mark.

61. Clover Sites has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful use of the "Clover" mark is enjoined by the Court.

62. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

63. As a direct and proximate result of the acts of unfair competition alleged herein, Clover Sites has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of unfair competition as alleged herein, Defendant wrongfully has gained revenues and profit in an amount unknown at this time.

64. Defendant committed the acts of unfair competition alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Clover Sites, and in conscious

1 disregard of the rights of Clover Sites. Clover Sites accordingly is entitled to an award of punitive
2 and exemplary damages in an amount sufficient to punish and deter Defendant and make it an
3 example to others.

## PRAYER FOR RELIEF

WHEREFORE, Clover Sites prays for relief against Defendant as follows:

1. For a preliminary and permanent injunction restraining and enjoining Defendant, and its agents, servants, employees, and all others in active concert or participation with it, as follows:

    a) From further using the "Clover" mark;

    b) From further infringing Clover Sites' trademark rights;

    c) From further advertising, promoting, distributing, offering for sale, and/or selling, any internet-based services using the "Clover" mark or any other mark confusingly similar with the "Clover" mark; and

    d) From further acts of false advertising and unfair competition as alleged herein.

2. For an award of damages suffered by Clover Sites, plus any revenues or profits earned by Defendant, as a result of Defendant's trademark infringement, unfair competition and false advertising, in an amount to be proven at trial.

3. For an award of augmented and treble damages as alleged herein.

4. For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter the Defendant.

5. For an award of attorneys' fees and litigation expenses to the maximum extent allowed by law.

6. For costs of suit incurred herein.

1    7. For such other and further relief as the court may deem just and proper.

2  DATED: July 21, 2011                    MUSICK, PEELER & GARRETT LLP

                                           By: _____
                                           Whit Bivens
                                           Catherine M. Lee
                                           Attorneys for DEFENDANT CLOVER SITES,
                                           INC., a California corporation

**DEMAND FOR JURY TRIAL**

Clover Sites hereby demands a trial by jury.

DATED: July 21, 2011						MUSICK, PEELER & GARRETT LLP

							By: _____
							Whit Bivens
							Catherine M. Lee
							Attorneys for DEFENDANT CLOVER SITES,
							INC., a California corporation

1

# United States of America
## United States Patent and Trademark Office

# Clover

**Reg. No. 3,685,609**  CLOVER SITES, INC. (CALIFORNIA CORPORATION)
Registered Sep. 22, 2009  3713 ALAMO STREET # 101
SIMI VALLEY, CA 93063

**Int. Cl.: 42**  FOR: DESIGN, CREATION AND HOSTING CUSTOMIZED WEBSITES FOR OTHERS; APPLICATION SERVICE PROVIDER (ASP), NAMELY, HOSTING COMPUTER SOFTWARE APPLICATIONS OF OTHERS, IN CLASS 42 (U.S. CLS. 100 AND 101).

**SERVICE MARK**
**PRINCIPAL REGISTER**  FIRST USE 5-15-2008; IN COMMERCE 5-15-2008.

THE MARK CONSISTS OF THE WORD "CLOVER" IN A CUSTOMIZED FONT.

SER. NO. 77-678,169, FILED 2-25-2009.

ARETHA SOMERVILLE, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

2

Welcome to Clover - Windows Internet Explorer

https://www.clover.com/

Clover Network, Inc. [US]

Favorites | Welcome to Clover



# clover

**Clover is currently working with select publishers and merchants in the New York area.**

Clover customers, please log in.
If you have any questions or issues, please contact us at support@clover.com.

About  Jobs  Privacy  Refunds                Clover   Clover for Merchants   Clover for Publishers

Internet    100%

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
225 BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101-5028
TELEPHONE 213-629-7720
FACSIMILE 619-231-1234

Whit Bivens (State Bar No. 190727)
w.bivens@mpglaw.com
Catherine M. Lee (State Bar No. 197197)
c.lee@mpglaw.com

Attorneys for DEFENDANT CLOVER SITES, INC., a California corporation

ORIGINAL FILED
JUL 21 2011

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CLOVER SITES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVER NETWORK, INC., a Delaware corporation,<br><br>Defendant. | CASE No. 11 3600<br><br>**NOTICE OF INTERESTED PARTIES** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The undersigned, counsel of record for Plaintiff Clover Sites, Inc. ("Plaintiff"), certifies that there are no unnamed parties that may have a pecuniary interest in the outcome of this case. This representation is made to enable the Court to evaluate possible disqualification or recusal.

DATED: July 21, 2011

MUSICK, PEELER & GARRETT LLP

By: _____
D. Whitlow Bivens
Catherine M. Lee
Attorneys for DEFENDANT CLOVER SITES, INC., a California corporation

746941.1